**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0076 |
| ) | |
| PEDRO RAMOS-GUERRA and CARLOS ALBERTO ) | |
| CUEVAS-ALMONTE, ) | |
| ) | |
| Defendant. ) | |

**APPEARANCES:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**ADAM SLEEPER, ASSISTANT UNITED STATES ATTORNEY**
OFFICE OF THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
 *FOR THE UNITED STATES OF AMERICA,*

**KIA D. SEARS, ASSISTANT FEDERAL PUBLIC DEFENDER**
OFF ICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS
 *FOR DEFENDANT PEDRO RAMOS-GUERRA*

**JOSEPH DIRUZZO, ESQ.**
DIRUZZO & COMPANY
FT. LAUDERDALE, FL
 *FOR DEFENDANT CARLOS ALBERTO CUEVAS-ALMONTE*

**MEMORANDUM OPINION**

**MOLLOY, Chief Judge**

 **BEFORE THE COURT** are the following motions filed by Defendant Carlos Alberto Cuevas-Almonte ("Cuevas-Almonte"): (1) Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue (ECF No. 22);[1] (2) Motion to Declare 46 U.S.C. § 70504(b)(2) Unconstitutional (ECF No. 31);[2] and (3) Amended Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue (ECF No. 99).

---

[1] Defendant Pedro Ramos-Guerra filed a Notice joining in this motion. *See* ECF No. 43.
[2] Defendant Pedro Ramos-Guerra filed a Notice joining in this motion. *See* ECF No. 44.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the parties are familiar with the pertinent facts of this case, the Court will recite the background only necessary for a disposition of these motions.

On October 24, 2019, a United States Customs and Border Protection air unit detected a Go-Fast vessel ("GFV") approximately 75 nautical miles south of Cabo Rojo, Puerto Rico, in international waters, heading northeast at 12 knots. (ECF No. 1-1, Molina Aff. ¶ 3.) When a small boat launched by the United States Coast Guard Cutter Diligence ("DIL") approached the GFV and ordered the vessel to heave to, the vessel did not comply. (*Id.* ¶¶ 4-5.) DIL small boat observed two persons on the GFV jettisoned bales and it fired warning shots. (*Id.* ¶ 5.) The GFV became dead in the water 33 NM south of Cabo Rojo, Puerto Rico, and the DIL small boat established control. (*Id.*) According to Officer Molina, the persons on board pulled the plug with the intent to scuttle the vessel, which began to take water. (*Id.* ¶ 6.) The DIL removed the persons from the vessel for their safety, including Alberto-Cuevas and Pedro Ramos-Guerra {"Ramos-Guerra"). (*Id.*)

On October 31, 2019, the Government filed a criminal complaint charging both defendants with: (i) possession of a controlled substance on board a vessel subject to the jurisdiction of the United States, pursuant to 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2) and 70506(a); (ii) conspiracy to possess a controlled substance on board a vessel subject to the jurisdiction of the United States, pursuant to 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2) and 70506(a) and (b); and (iii) destroying or attempting to or conspiring to destroy property subject to forfeiture under Section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, pursuant to 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(2), 70504(b)(2) and 70506(a).

On November 21, 2019, the grand jury returned an indictment charging both defendants with the identical charges alleged in the criminal complaint and that those charges were committed "upon the high seas." (ECF No. 1).[3]

On October 8, 2020, the grand jury returned a superseding indictment charging both defendants with the following offenses committed "upon the high seas": 1) possession of a

---

[3] The Court notes that both the Criminal Complaint and the Indictment are docketed as ECF No. 1.

controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States and aiding and abetting, in violation of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(2), 70506(a) and 18 U.S.C. § 2; 2) destroying property subject to forfeiture under Section 511(A) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, in violation of 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(2), 70504(b)(2), 70506(d); and 3) failure to heave to, in violation of 18 U.S.C. §§ 2237(a)(1) and (2). (ECF No. 93.)

After the filing of the initial indictment, but before the filing of the superseding indictment, Cuevas-Almonte filed a motion to dismiss for improper venue or, alternatively, to transfer venue. (ECF No. 22.) The Government opposed the motion, invoking venue pursuant to 46 U.S.C. § 70504(b)(2). (ECF No. 28.) Thereafter, Cuevas-Almonte filed a motion to declare 46 U.S.C. § 70504(b)(2) unconstitutional. (ECF No. 31.)

## II. DISCUSSION

### A. Motion to Dismiss for Improper Venue

A defense of improper venue "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(i). "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. In this case, the superseding indictment charges the defendants with committing offenses on the high seas. Generally, the venue for offenses committed on the high seas is governed by section 3238 of title 18 of the United States Code. This section provides:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

However, Counts One and Two alleges a violation of the provisions of the Maritime Drug Law Enforcement Act ("MDLEA"), codified at 46 U.S.C § 70501, *et seq.* Section 70504(b) of the MDLEA provides that "[a] person violating section 70503 or 70508--(1) shall be tried in the district in which such offense was committed; or (2) if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, *may be tried in any district.*" 46 U.S.C. § 70504(b) (emphasis added).

   1. **Counts One and Two**

The Government contends that venue is proper in the Virgin Islands as to Counts One and Two because they involve violations of Section 70503, which has its own venue statute. The plain language of section 70504(b)(2) clearly provides for discretionary venue for the prosecution "*in any district*" for any offense allegedly committed on the high seas.[4] This language alone provides for a basis allowing this case to be tried in the District of the Virgin Islands. Cuevas-Almonte contends that section 70504(b)(2) is unconstitutional. The Court disagrees.

Article III, Section 2, Clause 3 of the U.S. Constitution provides that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment also provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . .." U.S. Const. amend. VI.

Cuevas-Almonte argues that Section 70504(b)(2)'s "any district" language is facially unconstitutional because it is "so expansive" and means every district, including the District of Utah, the District of Idaho and the District of Guam, which violates Article III, Section 2,

---

[4] Because section 70504 of the MDLEA provides more specific language with regards to the venue for violations of section 70503, the Court finds that the specific provisions of section 70504 prevails over the general language contained in 18 U.S.C. § 3238. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 306 (3d Cir. 2010), as amended (May 7, 2010) (quoting In re Combustion Eng'g, 391 F.3d 190, 237 n. 49 (3d Cir.2004)). ("It is 'a well-settled maxim that specific statutory provisions prevail over more general provisions.'")

*United States v. Cuevas-Almonte, et al.*
Case No. 3:19-cr-0076
Memorandum Opinion
Page **5** of **8**

Clause 3 and the Sixth Amendment's mandate that "cases be tried in the state where the crime is committed." He also argues that Section 70504(b)(2)'s "any district" language as applied to the facts of his case is unconstitutional because, "under the 'high seas' venue statute 18 U.S.C. § 3238, venue lies in Puerto Rico as the Defendants were first brought into the District of Puerto Rico," and that statute is constitutionally compliant.

With regards to Cuevas-Almonte's facial challenge to the constitutionality of section 70504(b)(2), the Court must start with the premise that "[e]very legislative act is to be presumed to be a constitutional exercise of legislative power until the contrary is clearly established." *Close v. Glenwood Cemetery*, 107 U.S. 466, 475 (1883). "A party asserting a facial challenge [to the constitutionality of a statute] 'must establish that no set of circumstances exists under which the Act would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (citing *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). "An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010) (citing *Wis. Right to Life, Inc. v. FEC,* 546 U.S. 410, 411–12, 126 S.Ct. 1016, 163 L.Ed.2d 990 (2006) (per curiam)).

In support of his facial challenge argument, Cuevas-Almonte argues that Section 70504(b)(2) violates the mandate of Article III, Section 2, Clause 3 "that cases be tried in the state where the crime is committed." This argument, however, totally ignores the language in Clause 3 stating: "but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3. Congress directed, in section 70504(b)(2), that acts committed upon the high seas in violation of section 70503 may be tried in *any district*. Thus, section 70504(b)(2) is wholly consistent with the authority provided to Congress in article III, section 2, clause 3, and the Sixth Amendment.

Cuevas-Almonte also failed to show that, as applied to him, Section 70504(b)(2) is unconstitutional based on his "so expansive" theory because his case will not be tried in Utah, Idaho or Guam, "thousands of miles away" from the place where the charged crimes are

alleged to have occurred. This "so expansive" theory seems to be predicated on the doctrine of overbreadth that may arise in the context of the First Amendment challenges, not applicable here. *See New York v. Ferber*, 458 U.S. 747, 767 (1982) ("The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court."); *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 958 (1984) ("Facial challenges to overly broad statutes are allowed not primarily for the benefit of the litigant, but for the benefit of society—to prevent the statute from chilling the First Amendment rights of other parties not before the court.").

### 2. Count Three

As it relates to Count Three, the Government argues that venue is proper in the Virgin Islands because the defendants were first brought to that district. The Court agrees and finds that 18 U.S.C. § 3238 allows for this case to be tried in the Virgin Islands. As stated above, this code provision allows for the trial of an offense committed on the high seas in the district where a defendant was first brought or arrested. 18 U.S.C § 3238. The defendants were first brought and arrested in the Virgin Islands.

Cuevas-Almonte has not presented any evidence demonstrating or suggesting that the defendants were first brought or arrested in Puerto Rico. Instead, Cuevas-Almonte argues that the government bypassed Puerto and brought them to the Virgin Islands in an effort to create "manufactured venue" because "sentences handed out by judges in this District [Virgin Islands] for drug trafficking are substantially longer than in Puerto Rico," relying on *United States v. Myers*, 692 F.2d 823, 877 n.21 (2d Cir. 1982). *See* ECF No. 99, Def.'s Brief at 4.)[5]

---

[5] Cuevas-Almonte offers no legal authority for the proposition that he was first brought to Puerto because he was taken past the cities of Ponce, Salina, Guyama, and the islands of Vieques and Culbera before being brought to the Virgin Islands. On the contrary, interpreting the meaning of the phrase "first brought," courts have found that a "transit through the territorial waters of a district, without landing, the cases say that such district is not the district into which the accused was 'first brought.'" *Chandler v. United States*, 171 F.2d 921, 933 (1st Cir. 1948). Thus, venue is proper to all three counts applying 18 U.S.C. § 3238 because passing "the cities of Ponce, Salina, Guyama, and the islands of Vieques and Culebra" does not establish that Cuevas-Almonte was first brought to Puerto Rico rather than St. Thomas in the U.S. Virgin Islands.

*United States v. Cuevas-Almonte, et al.*
Case No. 3:19-cr-0076
Memorandum Opinion
Page **7** of **8**

In *Myers*, the court stated: "We do not preclude the possibility of similar concerns if a case should arise in which key events occur in one district, but the prosecution, preferring trial elsewhere, lures a defendant to a distant district for some minor event simply to establish venue." (*Id.*) Cuevas-Almonte does not allege that he was lured by the Government to commit any acts in this district, s*ee United States v. Rodriguez-Rodriguez,* 453 F.3d 458, 462 (7th Cir. 2006) ("agents may influence where the federal crime occurs, and thus where venue lies"), or that the Government has any involvement or control over "sentences handed out by judges in this District for drug trafficking" which he alleges "are substantially longer than in Puerto Rico." At least one court stated that "[t]here is no such thing as 'manufactured venue' or 'venue entrapment,'" *United States v. Al-Talib*, 55 F.3d 923, 929 (4th Cir. 1995), and other courts rejected the idea of "manufactured venue," *United States v. Valenzuela*, 849 F.3d 477, 489 (1st Cir. 2017) ("We therefore join the other circuits in rejecting the manufactured venue doctrine."); *see United States v. Spriggs*, 102 F.3d 1245, 1250 (D.C. Cir. 1996), <u>as amended</u> (Feb. 20, 1997) ("It is unclear exactly what a claim of "manufactured venue" entails."); *United States v. Sitzmann*, 893 F.3d 811, 823 (D.C. Cir. 2018) ("Several circuits 'have rejected the concept of manufactured venue or 'venue entrapment,'" while "[o]ther circuits, including our own, have reserved ruling on the question of whether 'manufactured venue' is a viable theory, but have suggested that such a theory may only apply in "'cases involving 'extreme' law enforcement tactics.'"). To the extent that "manufactured venue" is a recognized legal doctrine in this circuit, the Court declines to find that it applies in this case. No allegations of any extreme tactics or Government misconduct exist here. Thus, granting the motion for improper venue is not warranted.

### B. Motion to Transfer

In the alternative, Cuevas-Almonte argues that this case should be transferred to the District of Puerto Rico for Defendant's convenience and in the interest of justice, as Cuevas-Almonte anticipates that the Government would allege that the cocaine was headed to Puerto

---

Cuevas-Almonte also fails to raise a colorable claim that the Government brought the defendants to the Virgin Islands bypassing Puerto Rico because sentences handing out by judges in this district for drug trafficking offenses are substantially longer than sentenced issued by judges in the district of Puerto Rico.

*United States v. Cuevas-Almonte, et al.*
Case No. 3:19-cr-0076
Memorandum Opinion
Page **8** of **8**

Rico giving its people a vested interest in adjudicating a case. Cuevas-Almonte contends he will be prejudiced if the case is not transferred "given the distance of the alleged crime" and that a Puerto Rican jury would be able to better evaluate his credibility since he is a native Spanish speaker than through an interpreter. (*Id.* at 4.) The Court finds these arguments unpersuasive.

"Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Also, pursuant to Rule 21(b), "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b).

While Cuevas-Almonte argues that this case should be transferred to the District of Puerto Rico because the jury in Puerto Rico would be able to better assess his credibility without a Spanish language interpreter, he does not allege any deficiency in interpreting by Spanish language interpreters in this district. The Court also finds Cueavas-Almonte's remaining arguments to transfer this case to Puerto Rico to be without merit. The Court finds that Cuevas-Almonte has failed to present any arguments that would suggest that he would not be able to obtain a fair and impartial trial in the Virgin Islands or that the factors listed in Rule 12(b) favor a transer.

### III.  CONCLUSION

For the reasons stated above, the Court will deny Cuevas-Almonte's motion to dismiss for improper venue. The Court will also deny Cuevas-Almonte's motion to declare 46 U.S.C. § 70504(b)(2) unconstitutional. Finally, the Court will decline to transfer this case to the District of Puerto Rico. An appropriate Order follows.

**Date:** February 6, 2023            /s/ *Robert A. Molloy*
                              **ROBERT A. MOLLOY**
                              **Chief Judge**